**Opinion issued October 11, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00621-CR

———————————

**TRAVIS STRODER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1352790**

---

## MEMORANDUM OPINION

Appellant, Travis Stroder, pleaded guilty to the second-degree felony offense

of possession of a controlled substance, namely methamphetamine, weighing over

four grams and less than 400 grams by aggregate weight.[1]  In 2012, under the terms

---

[1]  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.116(a), (d) (West Supp. 2016).

of appellant's plea bargain with the State, the trial court deferred adjudication of guilt, placed appellant on community supervision for three years, and assessed a fine of $300.

The State subsequently moved to adjudicate appellant's guilt, and he entered a plea of true to the allegations in the motion. As part of his agreement with the State on punishment, appellant signed a written waiver of his right to appeal. On February 10, 2014, the trial court adjudicated appellant's guilt and assessed his punishment at three years' confinement. The trial court certified that this is a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Because appellant did not file his pro se notice of appeal until July 22, 2016, we dismiss this appeal for want of jurisdiction.

A criminal defendant's notice of appeal must be filed within thirty days after the sentence is imposed, if the defendant has not timely moved for new trial. *See* TEX. R. APP. P. 26.2(a)(1). A notice of appeal that complies with the requirements of rule 26 is essential to vest the court of appeals with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. *See Slaton*, 981 S.W.2d at 210.

Here, the trial court signed appellant's judgment adjudicating his guilt on

February 10, 2014, and imposed the sentence on that date. Appellant did not timely file a motion for new trial or an extension of time to file a notice of appeal, making his notice of appeal due by March 12, 2014. *See* TEX. R. APP. P. 26.2(a)(1). Appellant's notice of appeal was not filed until July 22, 2016, more than two years after the judgment was signed. *See id.* Under these circumstances, we can take no action other than to dismiss this appeal for want of jurisdiction.[2] *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 526.

## Conclusion

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] Moreover, even if appellant had timely appealed, this appeal must be dismissed because the trial court's certification states that this a plea-bargained case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). The clerk's record, filed in this Court, supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).